The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JOSE MONTES OPICO,

          Plaintiff,

    v.

CONVERGENT OUTSOURCING, INC.,

          Defendant.

NO. 2:18-cv-01579-RSL

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**

NOTE ON MOTION CALENDAR: DECEMBER 21, 2018

## I.    INTRODUCTION

Prior to bringing this motion, Plaintiff gave Defendant ample opportunity to address the issues presented herein.  Defendant could have either explained how its seventeen affirmative defenses applied to this case, or amended its answer to conform to the standards of Fed. R. Civ. P. 8(b).  Dkt. #5-1, Ex. B.  Defendant chose to remain silent.  Dkt. #5-1 at ¶ 4.  Plaintiff filed the instant motion seeking to narrow the issues in the case and to permit the parties to proceed efficiently with their time and resources.  Only now that Convergent has been forced to address the glaring deficiencies in its Answer does it declare that it "does not wish to burden the Court with unnecessary motion practice."  Dkt. #7 at p. 1.

Defendant further suggests that it should be granted leave to file an amended answer. Plaintiff has no objection to any amendments that would properly apprise Plaintiff of Defendant's affirmative defenses, which was Plaintiff's goal to begin with.  Dkt. #5-1, Ex. B.  However,

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

Defendant's proposed amendments still fall short of the minimum pleading standards and provide little, if any, factual allegations to support any remaining affirmative defenses.

## II.   LAW AND ARGUMENT

Defendant's existing answer (Dkt. #4) contained seventeen (17)  affirmative defenses, while its proposed amendment identifies (10) ten (Dkt. #7-1).   Inexplicably, Defendant still maintains lists of disparate affirmative defenses contained within a single header.  For example, Defendant's first proposed affirmative defense is that "Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, laches, or other equitable doctrines."  Dkt. #7-1 at ¶ 45.[1]  Notwithstanding the fact that estoppel and laches are unique affirmative defenses with distinct elements that must be proven, Defendant supports these defenses with the following statement: "Defendant followed reasonable procedures to verify that Plaintiff owed the subject financial obligation.  Moreover, the account was subsequently recalled and closed, and any credit reporting was deleted."  Dkt. #7-1 at ¶ 45.

It is entirely unclear how such a statement would apply to estoppel (the principle that precludes a person from asserting something contrary to what is implied by a previous action or statement of that person) or laches (unreasonable delay in making an assertion or claim).  The Defendant goes on to **make the exact same statement, or a variation thereof, in almost every single one of its affirmative defenses**.  Dkt. #7-1 at ¶¶ 45, 48, 50-56.  While this assertion may have some validity in support of a bona fide error defense where maintaining procedures to avoid

---

[1] The federal rules were designed to require a minimum level of specificity, and reciting boilerplate phrases in lieu of identifying a specific defense that applies to the facts alleged in the complaint is beyond the spirit of the rules.  While state court may have relaxed pleading standards, Defendant chose this federal forum by removing this case, and should be held to the minimum standards required.

1  FDCPA violations is critical to proving the defense, it cannot be the basis for each and every

2  defense.  15 U.S.C § 1692k(c)

3      Plaintiff's original briefing (Dkt. #6) still applies to Defendant's proposed amended

4  answer, and Plaintiff maintains the stance put forth in his original motion: Defendant's affirmative

5  defenses are nothing but placeholders, which is improper, as a pleading is meant to give the

6  opposing party insight into the claim being made, and Defendant's affirmative defenses fail to do

7  so.  By definition, "[a]ffirmative defenses plead matters extraneous to plaintiff's prima facie case,

8  which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal*

9  *Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal. 1987).  As a glaring example

10  of this placeholder attempt, Defendant's tenth proposed affirmative defense seeks shelter from a

11  claim that was not even made.  Dkt. #7-1 at ¶ 57.

12      There are other indications that Defendant has not tailored its affirmative defenses to

13  address Plaintiff's Complaint.  Defendant also seeks to incorrectly allege that Plaintiff's claim

14  "fails as a matter of law" due to lack of standing because he cannot seek injunctive relief under the

15  FDCPA as a private litigant.  *Id.*  However, Plaintiff's complaint is very specific in that it asks for

16  injunctive relief pursuant to RCW 19.86.090, Washington's Consumer Protection Act.  Dkt. #1-1

17  at p. 7.  Nowhere in the complaint does Plaintiff ask for injunctive relief under the FDCPA.

18  Plaintiff should not be required to conduct discovery upon, and then litigate against, the myriad of

19  unsupported and inapplicable affirmative defenses raised by Defendant.  Therefore, Plaintiff

20  respectfully requests that this Court strike the Defendant's affirmative answers, with leave to

21  amend if such amendments properly apprise Plaintiff of Defendant's contentions.

22

23

### III.   <u>CONCLUSION</u>

Plaintiff has absolutely no issue with Defendant filing an amended Answer, and invites Defendant to do so.   However, Defendant's currently proposed amended Answer alleges no meaningful facts which would indicate what the affirmative defenses are or how they apply to this case.   For the foregoing reasons, Plaintiff respectfully requests that this Court strike Convergent's affirmative defenses, with leave to amend, if such amendments comply with the requirements of Fed. R. Civ. P. 8(b).

Dated this 21st day of December, 2018.

**ANDERSON SANTIAGO, PLLC**

By: _ T. Tyler Santiago
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE - 4
2:18-CV-01579-RSL

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

## <u>Certificate of Service</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:


Donald S. Grant
Washougal Town Square, Suite 245
1700 Main St.
Washougal, WA 98671
*Attorney for Defendant*


  /s/ T. Tyler Santiago<br>T. Tyler Santiago