# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOSE MONTES OPICO,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

Case No. 18-CV-1579-RSL

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

This matter comes before the Court on plaintiff Jose Montes Opico's "Motion to Strike Affirmative Defenses." Dkt. #5. For the following reasons, plaintiff's motion is GRANTED.

## **INTRODUCTION**

Plaintiff's complaint alleges that defendant Convergent Outsourcing, Inc. has been attempting to collect a debt owed on an unpaid T-Mobile bill from him since mid-2018. Dkt. #1-1 at ¶ 4. Plaintiff alleges that he never opened the account and does not owe the contested amount. Id. at ¶ 11. Plaintiff further alleges that, despite repeatedly informing defendant of this, defendant has continued to contact him and report against his credit. Id. at ¶¶ 13–15. Accordingly, plaintiff brought claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), see 15 U.S.C. §§ 1692e–1692g; the Washington Collection Agency Act, see RCW 19.16.250, RCW 19.16.440; and the Washington Consumer Protection Act, see RCW 19.86 *et seq*. Dkt. #1-1 at ¶¶ 20–40. Defendant's ~~A~~answer included seventeen affirmative defenses that plaintiff moved to strike. Dkt. #4; Dkt. #5.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE - 1

As an initial matter, defendant requested the leave of the Court to file an Amended Answer with ten affirmative defenses instead of seventeen in its opposition. Dkt. #7 at 1. The Court GRANTS defendant's request for leave to file the Amended Answer, and will consider only those ten affirmative defenses. Dkt. #7-1; see Fed. R. Civ. P. 15(a)(2).

**DISCUSSION**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To determine whether a defense is insufficient, the Court asks whether it gives the plaintiff fair notice of the defense. Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010), overruled in part on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)).[1] Fair notice requires the defendant to state the nature and grounds of each affirmative defense. Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049–50 (N.D. Cal. 2004).

However, "[d]istrict courts within the Ninth Circuit have uniformly stated that such motions are disfavored." F.T.C. v. Debt Sols., Inc., No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006). A plaintiff must show that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Kerzman v. NCH Corp., No. C05-1820JLR, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1032–33 (C.D. Cal. 2002)).

---

[1] Plaintiff notes that although the Ninth Circuit has yet to rule on the issue, many district courts apply the heightened pleading standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (1937), to affirmative defenses. Dkt. #5 at 5 n.2; see e.g. Barnes and Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012). This Court has previously declined to apply this heightened standard to affirmative defenses. Palmason v. Weyerhaeuser Co., No. C11-695RSL, 2013 WL 392705, at *1 (W.D. Wash. Jan. 31, 2013).

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE - 2

### A. First Affirmative Defense: Estoppel, Laches, or other Equitable Doctrines

Defendant's list of equitable doctrines is insufficient to give plaintiff fair notice of the claim being raised. Dkt. #7-1 at ¶ 45. It is not clear what the nature of the defense is, or what "other equitable doctrines" may apply. Qarbon.com Inc., 315 F.Supp.2d at 1049 (finding that defendant did not provide "fair notice" of its defense when it "[did] not specify what the defense is—whether it is asserting a single type of estoppel or several types of estoppel."). The vague and seemingly unrelated facts asserted do not show how defendant would prove the elements of an equitable defense.[2] Dkt. #7-1 at ¶ 45.

### B. Second Affirmative Defense: Privilege or and Deceptive Means

Defendant seems to assert two separate defenses, concerning privilege or justification and deceptive or misleading means. Dkt. #7-1 at ¶ 48. Defendant's privilege or justification defense is unsubstantiated. It has not provided any rationale for its alleged misconduct. First Fin. Sec., Inc. v. Freedom Equity Grp., LLC, No. 15-CV-01893-HRL, 2016 WL 3017552, at *3 (N.D. Cal. May 26, 2016) (striking defendant's affirmative defense of justification and privilege as insufficiently pled when defendant did not provide a valid factual basis that might excuse it from liability). Defendant also denies using "false, deceptive or misleading means," but this is not an affirmative defense. Dkt. #7-1 at ¶ 48. It is merely a denial of plaintiff's allegations, and one that defendant has already made in its Amended Answer. Id. at ¶ 20.

### C. Third Affirmative Defense: Bona Fide Error

The FDCPA allows debt collectors to escape liability "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such

---

[2] Defendant claims that if a third party fraudulently created the account in question, defendant is "not responsible" for a "third party's actions or the repercussions of those actions." Dkt. #7-1 at ¶ 45. Defendant already has three separate defenses—seven through nine—that address third-party involvement. Id. at ¶ 54–56. The Court responds to the allegations concerning third party activity under those headings.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE - 3

error." 15 U.S.C. § 1692k(c). Defendant has not identified the bona fide error or innocent and unintentional mistake giving rise to this defense. Dkt. #7-1 at ¶ 50; see Nguyen v. HOVG, LLC, No. 14CV837 BTM RBB, 2014 WL 5361935, at *2 (S.D. Cal. Oct. 20, 2014) ("Because the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity."). Rather, defendant simply refers to "reasonable procedures [used] to verify that plaintiff owed the subject financial obligation," without specifying what procedures were maintained.[3] Id.; see Jacobson v. Persolve, LLC, No. 14-CV-00735-LHK, 2014 WL 4090809, at *7 (N.D. Cal. Aug. 19, 2014) (striking defense as "devoid of [] factual specificity" when defendant merely referred to "the maintenance of procedures reasonably adapted to avoid such an error."). The reiteration of a legal standard is not adequate to establish an affirmative defense. Qarbon.com Inc., 315 F.Supp.2d at 1049 ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

**D. Fourth Affirmative Defense: Statutory and Regulatory Approval**

Defendant asserts only that the FDCPA "allows" defendant to "collect and to report on a financial obligation" and, again, that it followed "reasonable procedures" to verify that plaintiff owed the contested amounts. Dkt. #7-1 at ¶ 51. As it currently stands, this defense is not sufficiently responsive to the relief sought to provide plaintiff with fair notice.

**E. Fifth Affirmative Defense: Good Faith**

Defendant fails to specify what actions were taken in "good faith" and on what "applicable statutes and regulations" it relies. Id. at ¶ 52. Without enumerated facts to support the legal basis, this defense fails to provide fair notice to plaintiff. See Scott v. Fed. Bond & Collection Serv., Inc., No. 10-CV-02825-LHK, 2011 WL 176846, at *5 (N.D. Cal. Jan. 19, 2011) ("Defendant's general defense of 'good faith' and 'reasonable belief' that its actions were legal is not specific enough to identify a viable defense to Plaintiff's claims.").

---

[3] The assertion that defendant followed "reasonable procedures" is also repeated in the Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Affirmative Defenses. Dkt. #7-1 at ¶¶ 51–56.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE - 4

**F. Sixth Affirmative Defense: Lack of Intent**

Defendant denies that it "acted with any willfulness, oppression, fraud or malice towards Plaintiff." Dkt. #7-1 at ¶ 53. But plaintiff never alleged that defendant did so. See Dkt. #1-1. Even if he had, this would not be an affirmative defense. It is a denial, and one that is not even relevant to the statutes under which plaintiff brings his claims.[4] See United States v. Tomsha-Miguel, 766 F.3d 1041, 1050 (9th Cir. 2014) (upholding stricken lack of intent affirmative defense where intent was not a separate element of the statute allegedly violated).

**G. Seventh Affirmative Defense: Third-Party Responsibility**

Defendant does not state who the "others" are or elaborate on any relevant conduct. Dkt. #7-1 at ¶ 54. It has not provided fair notice to plaintiff. Bonshahi v. Fedex Corp., No. C12-2471 TEH, 2012 WL 3638608, at *3 (N.D. Cal. Aug. 22, 2012) (granting motion to strike similar affirmative defense when defendants "fail[ed] to identify any such third parties or explain why the involvement of third parties relieve[d] them of liability").

**H. Eighth Affirmative Defense: Injury Caused by Intervening Third Party Acts**

Defendant again refers to "others" without identifying them or enumerating any facts indicative of third-party intervention. Dkt. #7-1 at ¶ 55. This defense fails.

**I. Ninth Affirmative Defense: Several and Limited Liability**

Defendant again asserts third-party activity without explicitly stating so or identifying any third parties. Id. at ¶ 56. Without more, plaintiff cannot ascertain the basis of this defense.

---

[4] The FDCPA is essentially a strict liability statute. Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1175 (9th Cir. 2006). RCW 19.16.250(21) does not have an element of intent. Dkt. #1-1 at ¶¶ 31–24.

### J. Tenth Affirmative Defense: Lack of Standing

Defendant claims only that plaintiff lacks standing to seek injunctive relief under the FDCPA as a private litigant. Id. at ¶ 57. Plaintiff seeks injunctive relief under RCW 19.86.090, not the FDCPA. Dkt. #1-1 at ¶¶ 35–40.

### CONCLUSION

For all the foregoing reasons, plaintiff's motion to strike is GRANTED. The Court hereby ORDERS that defendant's affirmative defenses are STRICKEN.

DATED this 19th day of April, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge