# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOSE MONTES OPICO,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

Case No. 2:18-CV-1579

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on plaintiff Jose Montes Opico's "Motion to Compel Discovery Responses." Dkt. #16. For the following reasons, plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## **BACKGROUND**

Plaintiff alleges that defendant Convergent Outsourcing, Inc. unlawfully attempted to collect on a debt that he did not owe to T-Mobile. On January 31, 2019, plaintiff served discovery requests on defendant. Dkt. #16-1 (Anderson Decl. at ¶ 2). Defendant responded to plaintiff's interrogatories on March 1, 2019. Ex. E, Dkt. #16-1 at 70–79. Plaintiff's counsel raised concerns with defendant's responses in a letter dated March 6, 2019. Id. at ¶ 3; see Ex. A, Dkt. #16-1 at 5–8. The parties conducted a Rule 26 conference on March 27, 2019. Id. at ¶ 4.

Eventually, on April 3, 2019, defendant produced 28 pages of documents in response to plaintiff's Requests for Production. Id. at ¶ 7; see Ex. D, Dkt. #16-1 at 18–56. These contained redactions. On April 10, 2019, plaintiff's counsel detailed in another letter his remaining

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 1

concerns with the discovery requests. The parties conducted a second Rule 26 conference on April 15, 2019. Id. at ¶ 13. Plaintiff filed this motion on April 24, 2019. Dkt. #16. In it, plaintiff appears to object to all of defendant's responses to the Requests for Production ("RFP") and nine of its responses to the Interrogatories. Dkt. #16 at 9.

## DISCUSSION

### A. Legal Standard

The Court has "broad discretion to manage discovery." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or produce documents, the "party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Brown v. Warner, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

### B. Requests for Production

Plaintiff served fifteen RFPs on defendant. Plaintiff is correct in that many of defendant's objections are improper. Benis v. Reliance Standard Health Ins. Co., No. 18-CV-164-RAJ, 2019 WL 1056401, at *2 (W.D. Wash. Mar. 6, 2019) ("Defendant's responses to each of Plaintiff's Interrogatories and Requests for Production are largely identical, and largely boilerplate."). The Court also notes, however, that plaintiff has not indicated which of defendant's responses he objects to, and why, beyond providing some examples. Dkt. #16 at 9; see Munoz-Munoz v. Locke, No. C10-1475-JCC, 2012 WL 12925012, at *1 (W.D. Wash. Oct. 5, 2012) ("The moving party bears the burden of demonstrating why an objection properly raised to a discovery request is deficient … Plaintiff bears the burden of informing the Court which discovery requests are the

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 2

subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.") (quoting Williams v. Cate, No. C09-0468, 2011 U.S. Dist. LEXIS 143862, at *3 (E.D. Cal. Dec. 14, 2011)). Regardless, the Court will deal with each request on the briefing as it stands.[1]

In response to RFPs 1, 2, 9, 11, and 12, defendant responded that, without waiving its objections, it would "produce relevant and non-privileged documents responsive to this Request, and to the extent they exist and are in the custody, possession and control of [d]efendant." Ex. D, Dkt. #16-1 at 20, 23, 24. Defendant claims in its opposition to have already produced documents that are responsive to these RFPs. Dkt. #17 at 7. The Court hereby DIRECTS defendant to set out which documents correspond to each RFP, and to supplement its responses if necessary. Fed R. Civ. P. 26(e); see Litle & Co. v. Mann, 145 F.3d 1339 (9th Cir. 1998).

Regarding the redactions, defendant argues that they are necessary to "protect personally identifying information on the account." Dkt. #17 at 6. As plaintiff claims the account is not his, the information might belong to an unrelated third party. Defendant also left the telephone numbers and the last four digits of social security numbers unredacted so that plaintiff could determine if any of the information related to him. Id.; see Ex. D, Dkt. #16-1 at 33–56. The Court has in the past found unilateral redactions improper. Krausz Indus., Ltd v. Romac Indus., Inc., No. C10-1204RSL, 2011 WL 13100750, at *3 (W.D. Wash. Aug. 10, 2011). However, in Krausz Indus., there was a protective order in place to govern confidential information, and the redactions were on the basis of irrelevance or non-responsiveness. Id. Here, the parties have been unable to agree to a stipulated protective order,[2] and the redactions pertain to confidential

---

[1] The Court expects both sides to raise the level of practice here and to attempt to resolve their disputes without involving the Court.

[2] The parties submitted a stipulated protective order on April 1, 2019. Dkt. #13. The Court identified deficiencies with the proposed order and declined to sign it. Dkt. #14. The parties have not been able to agree on another protective order. Anderson Decl. at ¶¶ 9–11.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 3

third-party information. Defendant need not remove its redactions. <u>Doe v. Trump</u>, 329 F.R.D. 262, 276 (W.D. Wash. 2018) ("Unilateral redactions are inappropriate if they seek not to protect sensitive or protected information, but merely to keep non-responsive information out of an adversary's hands.") (quoting <u>United States v. McGraw-Hill Companies, Inc.</u>, No. CV 13-0779-DOC JCGX, 2014 WL 8662657, at *4 (C.D. Cal. Sept. 25, 2014)) (internal alterations omitted). Moreover, plaintiff does not explain how the redactions prejudice him. <u>Munoz-Munoz</u>, 2012 WL 12925012 at *1. He already has access to "basic documents concerning the collection attempts and the propriety of those collection attempts." Dkt. #16 at 8. The social security numbers and telephone numbers of plaintiff or any third parties do not appear to be relevant.

In response to RFPs 3, 4, and 5 defendant lists a slew of objections. Ex. D, Dkt. #16-1 at 20–22. However, it fails to "clarify[], explain[], [or] support[] its objections." <u>Brown</u>, 2015 WL 630926 at *1. They do not suffice. <u>See</u> <u>Shalabi v. Atl. Richfield Co.</u>, No. C11-505 BHS, 2012 WL 3727334, at *2 (W.D. Wash. Aug. 28, 2012). Plaintiff's requests are proportional. The Court hereby DIRECTS defendant to respond to RFPs 3, 4, and 5.

In response to RFPs 6, 8, and 10, defendant states that it is not in possession of any responsive documents. Ex. D, Dkt. #16-1 at 22–23. Defendant cannot be "compelled to provide information that [it] does not have." <u>Silva v. McKenna</u>, No. C11-5629 RBL/KLS, 2012 WL 1596971, at *4 (W.D. Wash. May 7, 2012); <u>see</u> <u>also</u> <u>Munoz-Munoz</u>, 2012 WL 12925012 at *1. Plaintiff's motion to compel as regards RFPs 6, 8, and 10 is DENIED.

RFP 7 requests all insurance policies applicable to this case that would cover any potential liability of defendant or otherwise operate to satisfy any judgment. Ex. D, Dkt. #16-1 at 22. Defendant appears to argue that it cannot be compelled to produce all of its agreements relating to insurance. Dkt. #17 at 9. However, plaintiff is merely requesting policies that would cover defendant's liability. This is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Eastern District of California's decision in <u>Sierrapine v. Refiner Prod. Mfg., Inc.</u>, to which defendant cites, does not compel a different conclusion. 275 F.R.D. 604, 612 (E.D. Cal. 2011). ("The [court] is persuaded by the district courts that have concluded that

the plain language of then-numbered Rule 26(a)(1)(D) 'merely requires the *disclosure of an insurance policy or other agreement that gives rise to an insurer's obligation* to indemnify or hold its insured harmless for a judgment, and *does not require the production of all agreements relating to insurance*.'") (citing Excelsior College v. Frye, 233 F.R.D. 583, 585–86 (S.D. Cal. 2006)) (emphasis added). The Court hereby DIRECTS defendant to respond to RFP 7.

In response to RFP 13, which requests communications with experts, defendant asserts that the communications are protected under Rule 26 and that the Request is premature. Ex. D, Dkt. #16-1 at 25. Communications between a party's attorney and an expert are protected unless they relate to compensation or identify facts, data or assumptions that the attorney provided, and the expert considered, in forming his or her opinions. Fed. R. Civ. P. 26(b)(4)(C). Other disclosures relating to an expert are due at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(C). Plaintiff does not suggest otherwise. See generally Dkt. #18. Plaintiff's motion to compel as regards RFP 13 is DENIED.

In response to RFP 14, which requests documentation or training materials associated with the phone systems used to contact debtors, defendant argues that the lawsuit does not contain any allegations regarding its telephone system. Dkt. #17 at 9. Furthermore, the request is overbroad. The Court agrees. Snyder v. Fred Meyer Stores, Inc., No. C12-1397JLR, 2013 WL 3089405, at *4 (W.D. Wash. June 18, 2013) (holding that discovery requests must be "reasonably targeted, clear, and as specific as possible.") (quoting LCR 26(f)). Plaintiff has made allegations regarding the content of defendant's telephone calls, see Dkt. #1-2 at ¶ 34, but has not made any allegations concerning the actual operation of the hardware and software of its telephone system. Plaintiff's motion to compel as regards RFP 14 is DENIED.

In response to RFP 15, which requests all contracts between defendant and T-Mobile, defendant argues that the request is not proportional to the needs of the case, given the nine-day period between when plaintiff disputed the account and when it was closed. Dkt. #17 at 8. The Court agrees. Am. Guard Servs., Inc. v. Terminal Sec. Sols., Inc., No. C18-0603-JCC, 2019 WL 1354154, at *2 (W.D. Wash. Mar. 26, 2019) ("In determining whether sought discovery is

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 5

proportional to the needs of the case, the Court considers 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'") (quoting Fed. R. Civ. P. 26(b)(1)). However, the Court hereby DIRECTS defendant to produce any contracts or agreements between it and T-Mobile that were in place at the time it attempted to collect the alleged debt from plaintiff.

### C. Interrogatories

Interrogatory No. 2 asked for the names, addresses and telephone numbers of any persons known to defendant or its attorneys or agents who have knowledge of facts pertaining to the lawsuit. Ex. G, Dkt. #16-1 at 72. Following its objections, defendant responded with, "Plaintiff." Id. This is inadequate. The Court hereby DIRECTS defendant to supplement its response to Interrogatory No. 2. See Fed. R. Civ. P. 26(e).

Interrogatory No. 4 requests defendant to identify which portions of plaintiff's account are principal, interest, and other fees or charges. Ex. G, Dkt. #16-1 at 73. Defendant responded with multiple objections. It argues in its opposition that it referred plaintiff to its business records, pursuant to Federal Rule of Civil Procedure 33(d). There is no reference to Rule 33(d) in the responses annexed to plaintiff's motion. Id. at 73–74. Defendant merely stated that it would "produce relevant and non-privileged documents which contain information responsive to this Interrogatory, to the extent they exist and are in the custody, possession and control of Defendant." Id. at 74. Regardless, "the mere fact that the interrogatory imposes a burden on the responding party is not enough to justify invocation of Rule 33(d). All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." Riverfront Landing Phase II Owners' Ass'n for assignee of Charles Gil Peckham & GT Framing v. Assurance Co. of Am., No. C08-0656RSL, 2008 WL 11344626, at *1 (W.D. Wash. Dec. 16, 2008) (quoting Cont'l Ill. Nat'l Bank & Trust Co. of

Chi. v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991)). Defendant has itself pointed out that the answer may be found by examining its 28 pages of business records. Dkt. #17 at 4. This is not an undue burden. The Court hereby DIRECTS defendant to respond to Interrogatory No. 4.

In response to Interrogatories Nos. 3, 5, and 6,[3] defendant again lists multiple objections. Ex. G, Dkt. #16-1 at 72–75. However, it fails to "clarify[], explain[], [or] support[] [them]." Brown, 2015 WL 630926 at *1. They do not suffice. See Shalabi, 2012 WL 3727334 at *2. The Court hereby DIRECTS defendant to respond to Interrogatories Nos. 3, 5 and 6.

Despite its wide-ranging objections, defendant did respond adequately to Interrogatories Nos. 1, 7, 8 and 9. Ex. G, Dkt. #16-1 at 75–76. Plaintiff does not explain why these responses are deficient. Munoz-Munoz, 2012 WL 12925012 at *1. Plaintiff's motion to compel as regards Interrogatories Nos. 1, 7, 8 and 9 is DENIED.

DATED this 12th day of July, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Defendant does not explain how the disclosure of entities involved with the collection of plaintiff's account violates any third party's right to privacy. Dkt. #17 at 5; see Brown, 2015 WL 630926 at *1. Plaintiff's request is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 7