UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE MONTES OPICO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>　　　　　Defendant. | Case No. 2:18-CV-1579<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER |

This matter comes before the Court on defendant Convergent Outsourcing, Inc.'s "Motion for Leave to File Amended Answer." Dkt. #20.

## **BACKGROUND**

Plaintiff Jose Montes Opico alleges that defendant unlawfully attempted to collect on a debt that he did not owe to T-Mobile in 2018. Dkt. #1-1 (Compl.) at ¶¶ 4–15. He brought claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), see 15 U.S.C. §§ 1692e–1692g, the Washington Collection Agency Act, see RCW 19.16.250, RCW 19.16.440, and the Washington Consumer Protection Act, see RCW 19.86 *et seq*. Dkt. #1-1 at ¶¶ 20–40.

Defendant's Answer included seventeen affirmative defenses. Dkt. #4. Plaintiff filed a motion to strike all of them. Dkt. #5. In its response to the motion, defendant requested the leave of the Court to file an Amended Answer with only ten of its affirmative defenses, including its Third Affirmative Defense for bona fide error. Dkt. #7 at 1; see Dkt. #7-1 (Am. Ans.) at 7. On April 19, 2019, the Court granted defendant leave to file the Amended Answer and granted

ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER - 1

plaintiff's motion to strike the remaining ten affirmative defenses, including the defense for bona fide error. Dkt. #15. Defendant now requests leave to file another Amended Answer that asserts a single affirmative defense for bona fide error under 15 U.S.C. § 1692k(c) of the FDCPA. Dkt. #20; see Ex. A, Dkt. #20-1 at 6–7. Defendant argues that it has corrected the deficiencies originally identified by the Court by including the facts it uncovered in its subsequent investigation. Dkt. #20 at 2.

## DISCUSSION

### A. Legal Standard

Other than an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The Court "should freely give leave when justice so requires." Id. "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1392–93 (9th Cir. 1997) (citing Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986)).

"[T]he consideration of prejudice to the opposing party … carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney, 119 F.3d at 1393 (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (alterations omitted)). "[The Rule] places leave to amend … within the sound discretion of the trial court. … In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (internal citations omitted). "Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with '"extreme liberality."'" Id. (quoting Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam)).

**B. Bona Fide Error under the FDCPA**

The FDCPA allows a debt collector to escape liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C.A. § 1692k(c). "[T]o qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 948 (9th Cir. 2011). Plaintiff argues that the defendant has still failed to properly plead its affirmative defense. Dkt. #23 at 3. The Court disagrees. Defendant has specified the procedures that it maintained. Dkt. #7-1 at 6–7; see Rahman v. San Diego Accounts Serv., No. 16CV2061-JLS (KSC), 2017 WL 1387206, at *3 (S.D. Cal. Apr. 18, 2017) (striking bona fide defense where there were no "assertions regarding what particular policies and procedures Defendant ha[d] in place to verify debts, or how or when Defendant attempted to verify [the] particular debt."); Perez v. Gordon & Wong Law Grp., P.C., No. 11-CV-03323-LHK, 2012 WL 1029425, at *10 (N.D. Cal. Mar. 26, 2012) (striking bona fide defense where "Defendants fail[ed] to identify in their Answer any actual procedures reasonably employed to prevent the alleged FDCPA … violations"). The proposed amendment is not futile. Sweaney, 119 F.3d at 1393. Defendant is not required to admit to an error. Dkt. #23 at 4–5; see Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

Defendant filed this motion almost three months after the Court's order striking all affirmative defenses. Dkt. #23; see Dkt. #15. However, defendant argues that it brought the motion "as soon as it was able to develop sufficient facts to overcome the Court's concerns." Dkt. #20 at 5. There is no undue delay. Nor is there any evidence of bad faith. There is no undue prejudice to plaintiff, as the debt collection procedures utilized by defendant and any errors committed by it are at the heart of this dispute. The purpose of Rule 15 is to facilitate decision on the merits, and its policy of favoring amendments must be applied liberally. Webb, 655 F.2d

ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER - 3

at 979. In the absence of this amendment, defendant has no affirmative defenses. Defendant is entitled to amend its answer. Plaintiff may file his own motion if he believes he is prejudiced by the time available to conduct additional and necessary discovery pertinent to the affirmative defense. Dkt. #23 at 5.

## **CONCLUSION**

For all the foregoing reasons, defendant's motion is GRANTED.

DATED this 10th day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER - 4